■ CERTIFIED INDUSTRIES, INC., Respondent, v S. S. SILBERBLATT, INC., Appellant.—Order, Supreme Court, New York County, entered on July 30, 1976, affirmed for the reasons stated by Asch, J. Petitioner-respondent shall recover of respondent-appellant $40 costs and disbursements of this appeal. Concur—Murphy, J. P., Lupiano, Lane and Yesawich, JJ., Silverman, J., dissents in the following memorandum: I would reverse the order appealed from and dismiss the petition. Pursuant to subdivision 1 of section 76 of the Lien Law, petitioner, a subcontractor, demanded of appellant, the general contractor, a verified statement setting forth the entries with respect to the Lien Law trust contained in the general contractor's books or records. The general contractor has furnished to petitioner copies of its entire accounts of this construction since its inception, including general ledgers by years as to each project, and as to heating, ventilation and air conditioning, its journal for the period in question, and its receipts and disbursements, accompanied by an affidavit from appellant's secretary-treasurer verifying the accuracy of the records. The papers thus furnished are very voluminous, being con-

tained in a box approximately 18 inches long, 10 inches wide, and 6 inches deep. The records were kept in accordance with standards set by the United States Department of Housing and Urban Development; they were collated by years, were arranged in chronological order, and were accompanied by a notice of delivery and a listing of the 10 categories of items contained. I think this was a compliance with the statutory requirement of "a verified statement setting forth the entries with respect to the trust contained in such books or records." It is obviously the fullest possible information; indeed, petitioner's complaint is that it is too full. But the statute does not require, or even permit, the general contractor or trustee to make up a summary statement. It requires him to furnish "the entires" contained in his books or records. What the general contractor has apparently furnished are the entries. It is unfortunate that the entries are so voluminous. But so far as I can see, this is what petitioner is entitled to by statute and what petitioner has demanded.